UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARDEB, LLC                                CIVIL ACTION

VERSUS                                     NO: 07-6627

STATE FARM FIRE AND CASUALTY               SECTION: "J" (1)
COMPANY

### ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Rec. Doc. 6). For the reasons stated below, Plaintiff's motion is **GRANTED**.

### BACKGROUND

Plaintiff filed this lawsuit to recover damages to property suffered as a result of Hurricane Katrina. The Defendant timely removed on the basis of diversity of citizenship. Plaintiff filed the instant motion to remand on January 10, 2008. (Rec. Doc. 6). The motion is unopposed. (Rec. Doc. 7).

### DISCUSSION

Plaintiff has filed a stipulation into the record which indicates that Plaintiff "stipulates that the aggregate amount in controversy does not exceed $75,000 (including penalties), exclusive of interest and costs." (Rec. Doc. 7-1).

Federal courts are courts of limited subject matter jurisdiction and cannot entertain suits unless authorized by law. *Coury v. Prot*, 85 F.3d 244, 248, (5th Cir. 1996). Federal district courts have jurisdiction over civil actions in which the amount in controversy exceeds $75,000, and the claim is between citizens of different states. 28 U.S.C. § 1332. The party seeking to assert diversity jurisdiction bears the burden of proof. *DeAguilar v. Boeing*, 47 F.3d 1404 (5th Cir. 1995). Accordingly, when a case is removed to federal court, the defendant bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).

In general, courts evaluate the facts supporting jurisdiction at the time of removal. *Gebbia v. Wal-mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Simon v. Wal-mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999). It follows that "post-removal affidavits, stipulations, amendments reducing the amount do not deprive the district court of jurisdiction." *Simon*, 193 F.3d at 851; *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938). However, post-removal affidavits may be considered if the basis for jurisdiction is ambiguous at the time of removal. *Gebbia*, 233 F.3d at 883. Significantly,

Louisiana state courts prohibit plaintiffs from pleading for relief in specific dollar amounts. LA. CODE CIV. P. 893. Hence, Defendant must establish that the required jurisdictional amount is met by demonstrating that it is "facially apparent" from the complaint that plaintiff's claims are likely to exceed $75,000 or by highlighting facts in controversy in the removal petition and, if necessary, submitting an affidavit to support a finding of the requisite amount. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Because it is presumed that a federal court lacks jurisdiction until such jurisdiction has been proven, any doubt as to federal subject matter jurisdiction is to be resolved in favor of remand. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40 (5th Cir. 1992).

## CONCLUSION

The Court finds that it was not facially apparent at the time of removal that the amount in controversy in this case exceeded $75,000 and that ambiguity concerning the amount in controversy should be resolved in favor of remand especially because the Plaintiff has filed an stipulation into the record clarifying that the amount in controversy is less than $75,000 and has never been at issue in this case.[1] Accordingly,

---

[1] If Plaintiff were ultimately awarded an amount in excess of this by the state court, and subsequently seeks to enforce the judgment for more than $75,000.00 including attorney's fees but

3

**IT IS ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. 6) is **GRANTED**;

**IT IS FURTHER ORDERED** that the above captioned case is **REMANDED** to the court from which it was removed.

New Orleans, Louisiana this the 1st day of February, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

excluding costs and interests, Defendant may then seek relief from judgment and sanctions against Plaintiff and her counsel from this Court. *Midkiff v. Hershey Chocolate U.S.A.,* No. 98-1137, 1998 WL 419498, at *1 (E.D.La. July 21, 1998).